# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: G.L.K., A MINOR.

SHAWN E.K.,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Respondent.

No. 63372

FILED

JAN 27 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to his minor child. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

The child was drug-exposed at birth and the parents self-reported extensive histories of using illegal substances. Respondent obtained legal custody, but the child was allowed to remain in the home under the paternal grandmother's care. The paternal grandmother did not comply with the safety plan, and in December 2011, the child was removed from the home and placed with an adoptive foster family. In October 2012, respondent filed a petition to terminate parental rights. After trial, the district court entered an order terminating appellant's parental rights, and this appeal followed.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105 (1999); *Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In*

16-02884

*re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant first contends that the district court erroneously applied the presumptions under NRS 128.109 that if the child has been placed outside of the home and has resided there for 14 of any 20 consecutive months, it must be presumed that the parent has demonstrated only token efforts and that termination of parental rights is in the child's best interest. NRS 128.109(1)(a), (2) (1999). Appellant argues that the child was physically removed from the home in December 2011, and the parental termination petition was filed just 10 months later in October 2012. We conclude that the presumptions applied because the child had resided outside of the home for almost 16 consecutive months by the time of trial in April 2013. *Cf. In re Parental Rights as to A.P.M.*, 131 Nev., Adv. Op. 66, 356 P.3d 499, 504 (2015) (applying presumptions where the children had been outside the home for 17 consecutive months at the time the termination hearing commenced).

Appellant also contends that respondent rushed to terminate his parental rights to make the child available for adoption by nonrelatives without first considering the paternal grandmother as an alternative placement or finding that placement with a family member would be detrimental. This argument is also without merit. Respondent initially placed the child with the paternal grandmother for over two months, yet the paternal grandmother was unable to abide by the safety plan because her home remained unsanitary and unsafe, she allowed unsupervised contact between the child and the parents, and she allowed appellant to continue using drugs in the home. *See J.W.M. v. Cleburne Cty. Dep't of Human Res.*, 980 So. 2d 432, 439 (Ala. Civ. App. 2007)

(recognizing that in parental termination cases, a child should not be placed with a relative who would expose the child to an unfit parent).

Appellant next challenges the district court's findings of parental fault. *See* NRS 128.0126 (defining a failure of parental adjustment as being unable or unwilling within a reasonable time to correct substantially the circumstances that led to the child's removal); NRS 128.105(2)(f) (1999) (defining token efforts to include efforts by the parent to prevent neglect or to avoid being unfit); NRS 128.106(4) (requiring court to consider a parent's excessive use of controlled substances that renders the parent consistently unable to care for the child when determining neglect or unfitness). He argues that he consistently visited the child before his inpatient treatment and had substantially complied with his case plan and made more-than-token efforts to maintain his sobriety because he was engaged in treatment and drug-free by the time of trial.

The record demonstrates that appellant had a pervasive and extensive history of drug use. Appellant testified at trial that he began using drugs at age 11, admitted to being a heroin addict, and stated that, aside from inpatient treatment, his longest period of sobriety was about two weeks. From respondent's initial intervention in October 2011, appellant continued to use drugs for over one year before he entered treatment under the threat of incarceration. While in the rehabilitation facility, appellant made little effort to contact the child. Thus, we conclude that the record contains substantial evidence to support the findings of parental fault. *See In re Parental Rights as to D.R.H.*, 120 Nev. 422, 428-31, 92 P.3d 1230, 1234-36 (2004) (upholding findings of parental fault

based on the mother's persistent drug abuse and neglect of her children's needs when they were placed in harm's way).

Finally, appellant challenges the district court's finding that the child's best interest would be served by termination of his parental rights. Appellant argues that the district court failed to reasonably evaluate his bond with the child, including evidence that he had a positive relationship with her and had maintained consistent visitation before his inpatient treatment. The record demonstrates that appellant had spent little time in rehabilitation compared with his extensive history of drug use, and he failed to pursue rehabilitation in earnest until the child had been with the adoptive family for over one year. Although appellant testified he loved the child and he was making progress on his sobriety at the time of trial, he recognized that he was ill-equipped to care for himself, let alone the child. The evidence further showed that the adoptive family was stable and provided a suitable home, and the child had bonded with the foster parents, calling them "mamma" and "dada," and developed a relationship with their two children. This court has recognized the importance of seeking permanent placement for children and not allowing them to drift for an indefinite time in foster care. *D.R.H.*, 120 Nev. at 427, 92 P.3d at 1233. Thus, the district court's findings as to the child's best interest are supported by substantial evidence.

We recognize that parental termination cases where a parent battles substance abuse are some of the most difficult, but "[t]he primary consideration in any proceeding to terminate parental rights must be whether the best interests of the child will be served by the termination." NRS 128.105 (1999). "At some point the child's need for permanency and stability overcomes the parent's right to continued rehabilitation." *R.T.B.*

*v. Calhoun Cty. Dep't of Human Res.*, 19 So. 3d 198, 206 (Ala. Civ. App. 2009). We have considered the parties' arguments and the record before us, and for the reasons set forth herein, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Robert Teuton, District Judge, Family Court Division
Ballard Spahr, LLP
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk